ESTADO LIBRE ASOCIADO DE PUERTO RICO
EN EL TRIBUNAL DE APELACIONES
PANEL III

| | | |
|---|---|---|
| CORPORACIÓN PARA LA SUPERVISIÓN Y SEGURO DE COOPERATIVAS DE PUERTO RICO, EN SU CAPACIDAD DE SINDICO ADMINISTRADOR DE LA COOPERATIVA DE AHORRO Y CREDITO SABANEÑA<br><br>Peticionarios<br><br>v.<br><br>MARTÍN MARTINEZ PÉREZ Y OTROS<br><br>Recurrido | **KLCE202400282** | *CERTIORARI* procedente del Tribunal de Primera Instancia Sala Superior de MAYAGÜEZ<br><br>Civil Núm.: ISCI2012-01674<br><br>Sobre: Solicitud de Sentencia Sumaria |

Panel integrado por su presidente, el Juez Figueroa Cabán, el Juez Bonilla Ortiz, la Jueza Mateu Meléndez y la Jueza Prats Palerm.

Bonilla Ortiz, Juez Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico a 9 de abril de 2024.

Comparece ante este foro, la Corporación para la Supervisión y Seguro de Cooperativas de Puerto Rico (COSSEC o "parte peticionaria"), en su capacidad de Síndico Administrador de la Cooperativa de Ahorro y Crédito Sabaneña (Sabana Coop.) y nos solicita que revisemos una resolución, emitida por el Tribunal de Primera Instancia, Sala Superior de Mayagüez, la cual fue notificada el 3 de enero de 2024. Mediante esta, el foro primario declaró *No Ha Lugar* la *Solicitud de Sentencia Sumaria* instada por COSSEC.

Por los fundamentos que se exponen a continuación, **DENEGAMOS** el recurso de *certiorari* de epígrafe.

### I.

El 29 de noviembre de 2012, la parte peticionaria instó una Demanda sobre daños y perjuicios y violación al deber fiduciario, en contra de quince (15)

funcionarios y directores de Sabana Coop. y, en contra de la Cooperativa de Seguros Múltiples (Seguros Múltiples o "parte recurrida") por ser la cooperativa que expedía las pólizas de seguros y/o fianzas a Sabana Coop.[1]  Mediante esta, alegó que funcionarios y directores de Sabana Coop. fueron negligentes en las evaluaciones y/o concesiones de financiamientos, provocando la pérdida de $16,344,319.83 de fondos.  Por lo tanto, sostuvieron que actuaron en contra del deber fiduciario hacia Sabana Coop.

El 7 de febrero de 2013, la parte recurrida presentó su *Contestación a Demanda*.[2]  En esencia, esbozó que a pesar de tener expedida una póliza de seguros y/o fianza a favor de Sabana Coop., negó que dichas pólizas de seguros y/o fianzas cubrieran las pérdidas sufridas por éstos.

Luego de varias incidencias procesales, COSSEC desistió con perjuicio de su causa de acción contra los funcionarios y directores de Sabana Coop., y solamente mantuvo su reclamo contra Seguros Múltiples.[3]

Posteriormente, el 22 de septiembre de 2023, la parte peticionaria presentó una *Solicitud de Sentencia Sumaria*.[4]  En síntesis, adujo que no había controversia de hechos esenciales, puesto que, las acciones u omisiones de los directores y oficiales de Sabana Coop. estaban cubiertos por la "Fianza de Fidelidad" emitida por Seguros Múltiples. Añadieron que, pudieron evidenciar que los empleados, aprobaron préstamos sin

---

[1] *Demanda*, anejo IV, págs. 20-32 del apéndice del recurso.
[2] *Contestación a Demanda*, anejo V, págs. 33-36 del apéndice del recurso.
[3] *Sentencia Parcial de Archivo por Estipulación*, anejo VI, págs. 37-44 del apéndice del recurso.
[4] *Solicitud de Sentencia Sumaria*, anejo VIII, págs. 45-400 del apéndice del recurso.

seguir los protocolos, ocultándolos de la Junta de Directores y del propio regulador, puesto que, no obtuvieron los permisos. Consecuentemente, esbozaron que la fianza de fidelidad expedida por la parte recurrida cubre las incidencias del caso.

Por su parte, el 30 de octubre de 2023, Seguros Múltiples se opuso a la *Solicitud de Sentencia Sumaria* instada por COSSEC.[5] En específico, adujo que la moción dispositiva instada por COSSEC debía ser declarada no ha lugar. A su vez, alegó en primer lugar que, la moción presentada por la parte peticionaria incumplió con la Regla 36.3(A)(5) de Procedimiento Civil. En segundo lugar, que hay hechos materiales en controversia, en específico sobre la exclusión de la Fianza de Fidelidad.

Evaluados los respectivos argumentos de las partes, el 22 de diciembre de 2023, siendo notificada el 3 de enero de 2024, el foro primario emitió la *Resolución* que nos ocupa, y en la cual declaró *No Ha Lugar* a la *Solicitud de Sentencia Sumaria* presentada por COSSEC. Mediante la misma, consignó los siguientes hechos incontrovertidos:

> 1. Que la Corporación para la Supervisión y Seguro de Cooperativas de Puerto Rico (COSSEC), es una corporación pública creada en virtud de la Ley Núm. 114 del 17 de agosto de 2001.
>
> 2. Que COSSEC tiene capacidad para demandar y ser demandada.
>
> 3. COSSEC es encargada de regular, fiscalizar y supervisar de forma comprensiva y consolidada a las cooperativas de ahorro y crédito que operen y/o hagan negocios en Puerto Rico, velando por el fiel cumplimiento por parte de las cooperativas de todas las leyes presentes y futuras relativas a sus operaciones, negocios, productos y/o servicios. Además,

---

[5] *Oposición a Solicitud de Sentencia Sumaria presentada […] por COSSEC*, anejo IX, págs. 401-748 del apéndice del recurso.

de velar por la solvencia económica de dichas cooperativas.

4. Que COSSEC es responsable de proveer a todas las cooperativas de ahorro y crédito un seguro de acciones y de depósitos.

5. COSSEC puede ejercer todo poder, privilegio e inmunidades que se requiera, incluyendo el actuar como síndico administrador o liquidador de cualquier cooperativa asegurada sujeta a un procedimiento de sindicatura o liquidación.

6. El 16 de julio de 2009, COSSEC emitió una orden provisional de administración en contra de Sabana Coop la cual posteriormente pasó a ser permanente el 16 de octubre de 2009.

7. Mediante la referida orden, COSSEC nombró al síndico, el Sr. Wallace Ocasio Jiménez que, a su vez ocupa el puesto de Asistente de Vicepresidente de área de apoyo técnico.

8. La Cooperativa de Seguros Múltiples expidió Fianza general de Fidelidad a favor de Sabana Coop.

9. Mediante dicha fianza, Sabana Coop obtuvo un beneficio por pérdida directa de cualquier propiedad como resultado de actos fraudulentos o falta de honestidad de cualquier empleado o director elegible como principal, cometido en cualquier sitio, actuando solo o en acuerdo o conspiración con otras personas.

10. Que la sección 2.1J de la fianza general de fidelidad establece cubierta a toda pérdida causada por negligencia en el cumplimiento del deber, según definido en la misma póliza.

11. Que la sección 1.10 define lo que clasifica como conducta negligente a los fines de cubierta por la póliza.

12. A su vez, la fianza de fidelidad contiene ciertas exclusiones en la sección 4.3 titulada "Relacionados con los servicios y las operaciones del asegurado" particularmente sus incisos 4.3.1 que alberga el incumplimiento en pago de préstamos; inciso 4.3.9 las pérdidas operacionales; e inciso 4.1.8 contempla las decisiones gerenciales.

13. El 14 de septiembre de 2009, el Sr. Ocasio Jiménez envió una carta al Sr. Ramón Vargas Rodríguez, Gerente de Seguros Múltiples mediante la cual informó que

habían colocado a Sabana Coop bajo la administración provisional de COSSEC e informaron que, habiendo comenzado un proceso de investigación, posiblemente conllevaría la reclamación contra dicha fianza.

14. Sr. Luis Oliveri, ajustador de campo de Seguros Múltiples, acusó recibo de la carta recibida con fecha del 14 de septiembre de 2009, y solicitó que se proveyera toda la evidencia para evaluar la reclamación.

15. El 11 de marzo de 2010 el Sr. Oliveri dio seguimiento al asunto.

16. El 13 de abril de 2010 el Sr. Ocasio se reunió con el personal de Seguros Múltiples.

17. Luego de celebrada la reunión, la Sra. Lisa López cursó una carta fechada 10 de mayo de 2010 al Sr. Ocasio.

18. El 13 de septiembre de 2010 el Sr. Ocasio envió una carta dirigida al Sr. Oliveri en la cual solicitó cubierta bajo "Cobertura J Negligencia en el cumplimiento del deber".

19. El 31 de enero de 2011 el Sr. Oliveri denegó la cubierta bajo la exclusión 4.3 de la póliza mediante carta dirigida al Sr. Ocasio.

20. El 25 de enero de 2012 el Sr. Wilfredo Torres Pinto, solicitó nuevamente la cubierta bajo "Cobertura J Negligencia en el Cumplimiento del Deber" e incluyó como anejo un informe forense preparado por una oficina de contabilidad contratada por el demandante.

21. El 7 de septiembre de 2012 Seguros Múltiples envió una carta a COSSEC.

Finalmente, concluyó que existía controversia sobre los siguientes hechos:

1. Si las acciones u omisiones por parte de los funcionarios y directores están cubiertas por la Fianza de Fidelidad.

2. Si la pérdida resultante por dichas actuaciones está cubierta por dicha póliza o si en consecuencia están excluidas bajo las excepciones de esta.

3. Los hallazgos en el informe forense realizado por la firma de contabilidad contratada por el demandante.

Por lo tanto, tras identificar la existencia de los hechos medulares antes citados en controversia, ordenó la continuación de los procedimientos.

En desacuerdo, el 18 de enero de 2024, COSSEC solicitó reconsideración.[6] Sin embargo, el foro primario la declaró *No Ha Lugar*, mediante una *Resolución* notificada el 5 de febrero de 2024.[7]

Aún inconforme, el 6 de marzo de 2024, COSSEC presentó el recurso que nos ocupa. En virtud de este, adujo que el foro primario cometió el siguiente error:

> ERRÓ EL TPI AL DENEGAR LA SOLICITUD DE SENTENCIA SUMARIA TODA VEZ QUE LO ÚNICO QUE SE DEBE HACER ES LEER LA PÓLIZA (PRUEBA DOCUMENTAL DE AMBAS PARTES) Y APLICARLA A LOS HECHOS PARTICULARES DE ESTE CASO.

Luego de una evaluación preliminar del expediente, el 13 de marzo de 2024, emitimos una *Resolución*, mediante la cual concedimos a la parte recurrida un término de quince (15) días, para que nos presentara su postura respecto a los méritos de este recurso.

El 20 de marzo de 2024, la parte recurrida solicitó una prórroga para presentar su escrito en oposición. Por lo que, el 2 de abril de 2024, emitimos una *Resolución* concediéndoles hasta el 5 de abril de 2024.

El 4 de abril de 2024, COSSEC presentó una *Solicitud de Auxilio de Jurisdicción*. Sin embargo, el mismo día, emitimos y notificamos una *Resolución* declarando *No Ha Lugar* dicha moción.

Posteriormente, el 5 de abril de 2024, en cumplimiento con nuestra orden, Seguros Múltiples presentó su alegato. Con el beneficio de la comparecencia de ambas partes, resolvemos.

---

[6] *Moción de Reconsideración*, anejo II, págs. 9-17 del apéndice del recurso.
[7] *Resolución*, anejo III, págs. 18-19 del apéndice del recurso.

**II.**

**-A-**

La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, delimita las instancias en que el Tribunal de Apelaciones expedirá un recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia. Es decir, cuando "se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo." Regla 52.1 de Procedimiento Civil, *supra*.

Asimismo, dispone los supuestos en que este foro intermedio podrá revisarlas, con carácter discrecional y a manera de excepción, en las siguientes instancias:

> [C]uando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia.

Por su parte, la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40, establece los criterios que este foro debe tomar en consideración al atender una solicitud de expedición de este recurso discrecional; a saber, si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho. Así también, debemos tomar en consideración si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por parte del foro primario.

También examinaremos si el asunto planteado exige consideración más detenida a la luz de los autos originales o de alegatos más elaborados, o si la etapa del procedimiento en que se presenta el caso es la más

propicia para su consideración. Finalmente, debemos analizar si la expedición del auto solicitado evita un fracaso de la justicia. Véase, Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*.

**-B-**

La Regla 36 de Procedimiento Civil, 32 LPRA Ap. V, R. 36, atiende todo lo referente al mecanismo de sentencia sumaria. En específico, dispone que una parte podrá presentar una moción fundamentada "en declaraciones juradas o en aquella evidencia que demuestre la inexistencia de una controversia sustancial de hechos esenciales y pertinentes, para que el tribunal dicte sentencia sumariamente a su favor sobre la totalidad o cualquier parte de la reclamación solicitada." Regla 36.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 36.1.

Así pues, la parte que solicite la disposición de un asunto mediante el mecanismo de sentencia sumaria deberá establecer su derecho con claridad, pero, sobre todo, deberá demostrar que no existe controversia sustancial sobre algún hecho esencial. *González Aristud v. Hosp. Pavía*, 168 DPR 127, 137-138 (2006); *Ramos Pérez v. Univisión*, 178 DPR 200, 213 (2010).

De otro lado, la parte que se oponga a que se dicte sentencia sumaria deberá controvertir la prueba presentada por la parte que la solicita, por lo que deberá cumplir con los mismos requisitos que tiene que cumplir la parte proponente. Además, su solicitud deberá contener una relación concisa y organizada, con una referencia a los párrafos enumerados por la parte promovente, de los hechos esenciales y pertinentes que están realmente y de buena fe controvertidos.

También, debe contener la indicación de los párrafos o las páginas de las declaraciones juradas u otra prueba admisible en evidencia donde se establecen estos, así como de cualquier otro documento admisible en evidencia que se encuentre en el expediente del tribunal. Véase, Regla 36.3(b) de Procedimiento Civil, 32 LPRA V, R. 36.3; *Meléndez González v. M. Cuebas*, 193 DPR 100, 136 (2015); *SLG Zapata-Rivera v. J.F. Montalvo,* 189 DPR 414, 432 (2013).

Una vez las partes cumplan con las disposiciones antes esbozadas en la precitada Regla 36 de Procedimiento Civil, *supra*, requiere que se dicte sentencia sumaria solamente si las alegaciones, deposiciones, contestaciones a interrogatorios y admisiones ofrecidas, en unión a las declaraciones juradas y alguna otra evidencia si las hubiere, acreditan la inexistencia de una controversia real y sustancial respecto a algún hecho esencial y pertinente y, además, si el derecho aplicable así lo justifica. *SLG Zapata-Rivera v. J.F. Montalvo*, supra, págs. 430-434.

Por último, en *Meléndez González et al. v M. Cuebas*, supra, págs. 116-117, nuestro Tribunal Supremo amplió el estándar específico que este foro debe utilizar al momento de revisar la concesión de una solicitud de sentencia sumaria. En esencia, estableció que nos encontramos en la misma posición que el foro primario para evaluar la procedencia de una sentencia sumaria. Además, quedó resuelto que nos regiremos por la Regla 36 de Procedimiento Civil, *supra*, y por los criterios de su jurisprudencia interpretativa, al así concluir, resolvió que:

[…]

*Segundo*, por estar en la misma posición que el foro primario, el Tribunal de Apelaciones debe revisar que tanto la Moción de Sentencia Sumaria como su Oposición cumplan con los requisitos de forma codificados en la Regla 36 de Procedimiento Civil, supra, y discutidos en *SLG Zapata-Rivera v. JF Montalvo*, supra.

*Tercero*, en el caso de revisión de una Sentencia dictada sumariamente, el Tribunal de Apelaciones debe revisar si en realidad existen hechos materiales en controversia. De haberlos, el foro apelativo intermedio tiene que cumplir con la exigencia de la Regla 36.4 de Procedimiento Civil y debe exponer concretamente cuáles hechos materiales encontró que están en controversia y cuáles están incontrovertidos. Esta determinación puede hacerse en la Sentencia que disponga del caso y puede hacer referencia al listado numerado de hechos incontrovertidos que emitió el foro primario en su Sentencia.

*Cuarto*, y[,] por último, de encontrar que los hechos materiales realmente están incontrovertidos, el foro apelativo intermedio procederá entonces a revisar *de novo* si el Tribunal de Primera Instancia aplicó correctamente el Derecho a la controversia. *Meléndez González v. M. Cuebas*, supra, págs. 118-119.

### III.

En virtud del único señalamiento de error formulado, COSSEC alega que erró el foro primario al denegar la solicitud de sentencia sumaria, puesto que, lo que debió realizar era leer e interpretar el contrato de seguro. No obstante, y según fue detallado en el derecho antes expuesto, nuestro ámbito jurisdiccional respecto a la revisión de asuntos interlocutorios en casos civiles está delimitado, en primera instancia, por lo dispuesto en la Regla 52.1 de Procedimiento Civil, *supra*.

Si bien es cierto que la mencionada disposición provee expresamente para revisar determinaciones discrecionales del foro primario, nuestro Alto Foro

también ha expresado en múltiples ocasiones que no debemos intervenir, salvo que medie pasión, prejuicio, o parcialidad, o error manifiesto al aplicar el derecho, somos del criterio que no nos encontramos ante un supuesto que satisfaga dichos criterios. Asimismo, estamos llamados a intervenir si, de cualquier modo, surge que el foro primario incurrió en abuso de sus prerrogativas discrecionales. Por consiguiente, tomando en consideración también los criterios de nuestra Regla 40, *supra*, rechazamos expedir el auto discrecional solicitado.

Así, tras un análisis de las alegaciones formuladas por las partes, y a la luz de la totalidad de las circunstancias, consideramos que el foro primario no incurrió en abuso de discreción, ni tampoco en error manifiesto al así resolver. Por lo tanto, brindamos deferencia al dictamen recurrido y rechazamos intervenir en los méritos para variar el dictamen recurrido.

**IV.**

Por los fundamentos antes expuesto, se **DENIEGA** el auto discrecional solicitado.

Lo pronunció y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones